[602 NYS2d 948]

GENERAL ACCIDENT INSURANCE COMPANY, Appellant-Respondent, v UNITED STATES FIDELITY AND GUARANTEE INSURANCE COMPANY, Respondent-Appellant.

Third Department, October 21, 1993

APPEARANCES OF COUNSEL

*Kelleher & Flink,* Latham *(Arieh Mezoff* and *Edward B. Flink* of counsel), for appellant-respondent.

*Roemer & Featherstonhaugh, P. C.,* Albany *(Randall J. Ezick* and *Scott M. Andersen* of counsel), for respondent-appellant.

## OPINION OF THE COURT

CASEY, J.

Plaintiff, an insurer which defended its insured in the underlying action after failing to give timely notice of disclaimer based upon an exclusion in its policy and paid the resulting judgment against the insured, seeks to recover all or part of its expenditure on behalf of the insured from defendant, an insurer which failed to comply with plaintiff's demands that defendant assume the defense of the underlying action pursuant to a policy of insurance issued to the insured by defendant. The underlying action arose as a result of injuries sustained by the injured party when he was struck by a water softener tank which fell off a push cart operated by the insured's employee, who was delivering tanks to the premises of the injured party's employer. Timely notice of the accident was given to the insurance agency that represented both plaintiff and defendant. Plaintiff assumed the defense of the underlying action pursuant to its comprehensive general liability policy issued to the insured. More than a year later plaintiff's counsel demanded that defendant assume the defense, claiming that defendant was the primary carrier and plaintiff was an excess carrier. Defendant denied that its policy covered the accident and refused to assume the defense of the underlying action. Although plaintiff disputed defendant's denial of coverage and repeated its demand that defendant assume the defense, plaintiff continued to represent the insured in the underlying action when defendant failed to comply with the demand. The jury ultimately granted judg-

ment in favor of the injured party in the underlying action and plaintiff paid the judgment on its insured's behalf.

Claiming that its policy did not cover the accident which gave rise to the underlying action against its insured, plaintiff commenced this action against defendant based upon allegations that defendant's policy covered the accident. Plaintiff sought, *inter alia,* to recover all of the moneys expended by plaintiff in defending the underlying action and paying the judgment. In the alternative, plaintiff sought one half of its expenditure on the theory that plaintiff and defendant were coinsurers. On plaintiff's motion for summary judgment, Supreme Court held that plaintiff and defendant were coinsurers, with each responsible for its pro rata share of the expenditure based upon the respective policy limits. Both parties appeal from the resulting order.

We first reject defendant's contention that plaintiff voluntarily paid more than its pro rata share of the loss and, therefore, is not entitled to any recovery *(see, Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246, 248, *lv denied* 73 NY2d 701). Plaintiff did not act as a mere volunteer in providing its insured with a defense and paying the judgment, for it did so only after defendant refused to participate in the defense and denied that its policy covered the accident *(compare, Mid-City Shopping Ctr. v Consolidated Mut. Ins. Co.,* 35 AD2d 1053, *with National Union Fire Ins. Co. v Ranger Ins. Co.,* 190 AD2d 395).

We turn next to the question of whether either of the policies covered the accident which gave rise to the underlying action. It is the general rule that an insurance policy must be construed in favor of the insured and that any ambiguities are to be resolved in favor of the insured and against the insurer *(see, e.g., United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232). Neither party disputes that the underlying accident fell within the insuring clause of its policy. Coverage, however, is not determined merely on the basis of the insuring clause, but must be determined upon the basis of the combination of the insurance clause and exclusions *(Schiff Assocs. v Flack,* 51 NY2d 692, 697-698). Both parties rely upon exclusions contained in their respective policies to support their claims of no coverage.

Exclusions "must be specific and clear in order to be enforced" and "[t]hey are not to be extended by interpretation or implication, but are to be accorded a strict and narrow con-

struction" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311). Defendant relies upon an exclusion in its policy which provides that the policy does not apply to injuries "resulting from the movement of property by a mechanical device (other than a hand truck) not attached to the covered auto". According to defendant, the push cart used by the insured's employee to deliver the water softener tanks from the insured's vehicle is not a hand truck and, therefore, the mechanical device exclusion is applicable. In our view, however, defendant's argument constitutes an unwarranted expansion of the exclusion by limiting the meaning of the term "hand truck". Defendant's policy does not define the term "hand truck", and we agree with Supreme Court that the term is sufficiently ambiguous that, under the relevant rules of construction set forth above, the push cart involved in the accident cannot be considered a mechanical device other than a hand truck within the meaning of the exclusion *(see, Campanile v State Farm Gen. Ins. Co.,* 161 AD2d 1052, 1054, *affd* 78 NY2d 912).

Plaintiff relies upon a provision in its policy which provides that the policy does not apply to injuries "arising out of the ownership, maintenance, operation, use, loading or unloading" of the insured's vehicle. According to plaintiff, the accident arose out of the unloading of the insured's vehicle. Defendant argues that plaintiff waived its right to assert the exclusion by its conduct in defending the underlying action and paying the judgment. The doctrine of waiver, however, is inapplicable "where the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions)" *(Schiff Assocs. v Flack, supra,* at 698). Waiver is limited to those circumstances where the insurer's conduct demonstrates an intent to abandon such defenses as failure to cooperate or give timely notice of claim *(see, Fogelson v Home Ins. Co.,* 129 AD2d 508, 511). An insurer which defends an action on behalf of an insured, however, may be estopped from later denying that coverage exists *(see, County of Sullivan v State of New York,* 137 AD2d 165, 168). Such an estoppel has as its basis the detrimental reliance suffered by the insured in the loss of the right to control his own defense *(Schiff Assocs. v Flack, supra,* at 699). Defendant suffered no similar detriment for plaintiff gave defendant the opportunity to assume the defense, which defendant refused to do. In these circumstances, plaintiff's assumption of the insured's defense did not estop it as against defendant from asserting noncoverage *(see, Hartford Acc. & Indem. Co. v Transamerica Ins. Co.,* 141 AD2d 423, 425).

In *Muller v Sun Indem. Co.* (276 App Div 1028, *affd* 302 NY 634), the Court held that a loading and unloading exclusion in a policy of liability insurance was inapplicable to an accident which occurred when two workers were carrying a piano down a flight of stairs after having removed the piano from the insured's truck. In the case at bar, the accident occurred after the water softener tanks had been removed from the insured's vehicle, placed upon the push cart and transported to the boiler room of the premises of the insured's customer. Plaintiff's policy does not define the term "unloading" and given the factual similarity between this case and the *Muller* case, we conclude that *Muller* requires us to find the exclusion inapplicable, particularly in view of the general principles which require that exclusions be accorded a strict and narrow construction *(see, Seaboard Sur. Co. v Gillette Co., supra,* at 311).

Having concluded that neither exclusion asserted by the parties is applicable, we further conclude that based upon the relevant language of the policies, both policies provided primary coverage to the insured for the accident which gave rise to the underlying action. The parties were, therefore, coinsurers *(see, Federal Ins. Co. v Commercial Union Ins. Co.,* 126 AD2d 892, 893, *lv denied* 69 NY2d 610), and both must share the liability imposed as a result of that coverage *(see, Aetna Cas. & Sur. Co. v Lumbermens Mut. Cas. Co.,* 136 AD2d 246, 248-249, *supra).* Supreme Court, therefore, correctly determined that pursuant to the pro rata provisions in the parties' policies, plaintiff is entitled to a one-third contribution of the expenditure from defendant.

MIKOLL, J. P., YESAWICH JR. and CREW III, JJ., concur.

Ordered that the order is affirmed, without costs.