■ SEDGWICK AVENUE ASSOCIATES et al., Appellants, v INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent. [610 NYS2d 39] —Order, Supreme Court, New York County (Seymour Schwartz, J.), entered May 11, 1993, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint and declared that defendant is not

obligated to further defend or to indemnify plaintiffs in an underlying personal injury action, unanimously affirmed, with costs.

The IAS Court properly concluded that defendant insurance company was not equitably estopped from disclaiming any further defense of the underlying action or indemnification of plaintiffs. Where there is no coverage under an insurance policy because the policy was not in existence at the time of the accident, estoppel cannot be used to create coverage *(Nassau Ins. Co. v Manzione,* 112 AD2d 408, 409). Here, it is not disputed that defendant's policy did not cover the premises where the plaintiff in the underlying action was injured. As defendant acknowledges, where an insurer defends an action on behalf of an insured with knowledge of a defense to the coverage of the policy, estoppel may lie if the insured has been prejudiced by the insurer's failure to make a timely notice of disclaimer of coverage *(Hartford Ins. Group v Mello,* 81 AD2d 577, 578). While, defendant's authorized representative never explained the 8 or 10 month delay in ascertaining that the premises were not covered, plaintiffs failed to show that they have been prejudiced by this delay in disclaiming coverage. On the contrary, they received valuable, albeit gratuitous legal representation until they commenced the instant action. That this was clearly a benefit, rather than prejudice to plaintiffs, is emphasized by the fact that when plaintiffs were early informed that they would have to retain other counsel to protect their interests above a certain dollar amount and plaintiffs' counsel were provided with copies of documents in the action, counsel decided not to take part in the defense. Clearly, the doctrine of equitable estoppel is not applicable here *(compare, supra).* Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.