■ JOHN MERO et al., Individually and as Parents and Natural Guardians of JOHN MERO, JR., an Infant, Appellants-Respondents, v JOHN C. FOSTER et al., Respondents, and FARM FAMILY INSURANCE COMPANIES, Respondent-Appellant. [614 NYS2d 845] —Judgment unanimously affirmed without costs.

Memorandum: Supreme Court properly declared that Farm Family Insurance Companies (Farm Family) is obligated to defend and indemnify the Fosters with respect to the primary liability policy. Whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so in clear and unmistakable language (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311; *McCarthy v New York Prop. Ins. Underwriting Assn.*, 158 AD2d 961, 962). The burden is upon the insurer to demonstrate that the exclusion applies. The optional farm employee coverage, which the Fosters purchased for an additional premium, and which provided that the insurance company would "pay all sums which the INSURED will become legally liable to pay as a result of BODILY INJURY to a FARM EMPLOYEE while acting within the scope of employment", would appear to the average layman to cover the injuries sustained by the infant, John Mero, Jr. Farm Family's argument relies upon the extrinsic evidence in the underwriter's affidavit. Because the policy is subject to more than one reasonable interpretation, the ambiguity must be resolved in favor of the policyholder and against the company that issued the policy (*Prince v ITT Life Ins. Corp.*, 89 AD2d 779, 780; *Little v Blue Cross*, 72 AD2d 200, 203).

The court properly declared that Farm Family is not obligated to indemnify the Fosters with respect to the umbrella policy. That policy, unlike the primary policy with the optional coverage, excludes liability for personal injuries to persons required to be covered under the Workers' Compensation Law and does not provide for any optional coverage. (Appeals from Judgment of Supreme Court, Onondaga County, Mordue, J.—Declaratory Judgment.) Present—Green, J. P., Balio, Fallon, Callahan and Davis, JJ.