283 N.J. Super. 424 (1995)
662 A.2d 568
FRIEDA HAMILTON, PLAINTIFF-APPELLANT,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1995.
Decided July 26, 1995.
*426 Before Judges DREIER, BRAITHWAITE and BILDER.
Arthur L. Shanker argued the cause for appellant (Weiner and Shanker, attorneys; Mr. Shanker, of counsel and on the brief).
James L.A. Pantages argued the cause for respondent (Stein, Bliablias, McGuire, Pantages and Gigl, attorneys; Mr. Pantages, of counsel; Gregory T. Keller and Mr. Pantages, on the brief).
The opinion of the court was delivered by BRAITHWAITE, J.S.C. (temporarily assigned).
Plaintiff appeals from an order granting summary judgment determining that defendant's New York issued automobile insurance policy does not cover her for claims she is making against her husband based upon a New Jersey accident. We reverse.
On August 18, 1991, plaintiff, Frieda Hamilton, and her husband, Stuart Hamilton, New York residents, were involved in an automobile accident with another automobile in New Jersey. Plaintiff was a passenger in her husband's automobile. Plaintiff brought an action against her husband's insurer, defendant Government Employees Insurance Company (GEICO), seeking a declaration that her liability claim was covered by her husband's policy.
GEICO filed a motion for summary judgment citing both the policy's exclusion of liability coverage for a spouse's bodily injury claims, and Veazey v. Doremus, 103 N.J. 244, 510 A.2d 1187 (1986), which held that the law of the state of the parties' residence controlled in determining whether one spouse could sue the other for personal injuries resulting from the negligent operation of an automobile in New Jersey. The trial judge was *427 persuaded by GEICO's position and argument, and granted summary judgment. In addition, the trial judge rejected plaintiff's argument that N.J.S.A. 17:28-1.4 applies, and held that it did not apply here and that N.J.S.A. 17:28-1.4 only applies to the amount of coverage.
GEICO relies upon exclusion six of the liability coverage portion of its policy which provides: "[y]our bodily injury or your spouse's bodily injury is not covered. We will cover a spouse if named as a third party defendant in a legal action initiated by his or her spouse against another party." This exclusion was written into the policy pursuant to N.Y. Ins. Law § 3420(g) (McKinney 1985) which provides as follows:
No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provision relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.
[Ibid.]
Despite this statute and the language of the policy, plaintiff asserts that N.J.S.A. 17:28-1.4 applies so that the policy must be construed as providing the coverage required by New Jersey law. N.J.S.A. 17:28-1.4 provides as follows:
Any insurer authorized to transact or transacting automobile or motor vehicle insurance business in this State, or controlling or controlled by, or under common control by, or with, an insurer authorized to transact or transacting insurance business in this State, which sells a policy providing automobile or motor vehicle liability insurance coverage, or any similar coverage, in any other state ... shall include in each policy coverage to satisfy at least the liability insurance requirements of ... ([N.J.S.A.] 39:6B-1) or ... ([N.J.S.A.] 39:6A-3), the uninsured motorist insurance requirements of . .. ([N.J.S.A.] 17:28-1.1), and personal injury protection benefits coverage pursuant to ... ([N.J.S.A.] 39:6A-4) or of ... ([N.J.S.A.] 17:28-1.3), whenever the automobile or motor vehicle insured under the policy is used or operated in this State.
Any liability insurance policy subject to this section shall be construed as providing the coverage required herein, and any named insured, and any immediate family member as defined in ... ([N.J.S.A.] 39:6A-8.1), under that policy, shall be subject to the tort option specified in subsection a. of ... ([N.J.S.A.] 39:6A-8).
[Ibid.]
*428 GEICO concedes in its brief that this statute applies to it with respect to PIP (personal injury protection) benefits because its wholly-owned subsidiary was authorized to transact automobile or motor vehicle insurance business in this State. We fail to see how the statute can apply to GEICO's policy with respect to PIP benefits, but not apply to the policy with respect to other coverages. The statute requires "coverage to satisfy at least the liability insurance requirements of ... N.J.S.A. 39:6B-1."
N.J.S.A. 39:6B-1 requires "motor vehicle liability insurance coverage ... insuring against loss resulting from liability imposed by law for bodily injury ... sustained by any person arising out of the ownership, maintenance, operation or use of a motor vehicle[.]" Ibid. There is no question in our minds that plaintiff is included as "any person" who has sustained bodily injury under N.J.S.A. 39:6B-1. We are satisfied that pursuant to N.J.S.A. 17:28-1.4, GEICO must provide this coverage for an out-of-state vehicle when operated in New Jersey.
According to GEICO, the purpose of N.J.S.A. 17:28-1.4 was to protect New Jersey residents from out-of-state tortfeasors with inadequate coverage, and "coverage" in the statute applies only to "levels of insurance coverage," not "a class of individuals." The trial judge agreed that N.J.S.A. 17:28-1.4 "relates to the amount of coverage" and was intended to protect New Jersey residents. We disagree.
N.J.S.A. 17:28-1.4 requires coverage for "any person," not just those persons defined in the insurance policy. The attempt to limit the classification of potential claimants must fail since N.J.S.A. 17:28-1.4 expands the coverage to conform to N.J.S.A. 39:6B-1. GEICO cannot pick and choose which provisions of the statute it will satisfy. It cannot say that it will provide PIP benefits and increase the amounts, but not cover "any person." In addition, the term "any person" is to be construed broadly. See Bellafronte v. Gen. Motors Corp., 151 N.J. Super. 377, 385, 376 A.2d 1294 (App.Div. 1977).
*429 We therefore conclude that N.J.S.A. 17:28-1.4 which requires coverage under N.J.S.A. 39:6B-1 supersedes the limitation of the policy, and that plaintiff's liability claims are covered. There is no indication in N.J.S.A. 39:6B-1 that the term "any person" was to exclude spousal claims whether of New Jersey residents or non-residents, and we see no reason to limit the coverage of the statute. Although defendant urges that § 3420(g) of the New York Insurance Law authorizes the limitation contained in its policy, we find this to be irrelevant since N.J.S.A. 17:28-1.4 supersedes the policy provision. Thus, the policy issued by defendant is "to be construed as providing the coverage of a policy issued in accordance with New Jersey law." Phillips v. Phillips, 267 N.J. Super. 305, 319, 631 A.2d 564 (App.Div. 1993).
Defendant also urges that Veazey v. Doremus, supra, supports its position and therefore the trial judge was correct in granting summary judgment. Again, we disagree. Using the "governmental-interest analysis," the Court in Veazey determined that Florida, "the domicile of the two adversary spouses," had "the dominant interest in preserving their marital relationship." Veazey, supra, 103 N.J. at 251, 510 A.2d 1187. New Jersey, as the "situs" of the accident, had "an interest in maintaining highway safety and deterring negligent driving," but that interest was unrelated to interspousal immunity. Id. at 249, 510 A.2d 1187. "The fortuitous fact that New Jersey is the situs of the injury does not compel the conclusion that our rule on interpersonal immunity should apply." Id. at 250, 510 A.2d 1187. The only issue the Court in Veazey addressed was the choice of law issue.
When N.J.S.A. 17:28-1.4 applies, there is no choice-of-law issue. In D'Orio v. West Jersey Health Systems, 797 F. Supp. 371, 373-74 (D.N.J. 1992), the court explained:
Defendants' [tortfeasors'] argument that Nationwide was obligated to provide the plaintiff with PIP medical expense benefits is accepted by the court, not so much on the sophisticated conflict of laws analysis set forth in defendants' brief, but rather on the simpler premise that Section 1.4 [N.J.S.A. 17:28-1.4] creates a cause of action for an out-of-state resident injured in a New Jersey automobile accident against his own liability insurer for the full PIP benefits provided by N.J.S.A. *430 39:6A-4, provided the insurer does business in New Jersey. This cause of action exists notwithstanding that such benefits may not be actually included (other than by the metaphysical act of "deeming") in the terms of a policy otherwise issued in conformity with the state of the insured's residence.
[Ibid.]
The choice-of-law argument was similarly rejected in Adams v. Keystone Ins. Co., 264 N.J. Super. 367, 373-74, 624 A.2d 1008 (App.Div. 1993).
We are also satisfied that the provisions of the policy provide coverage for plaintiff's liability claim. A paragraph entitled "Out of State Insurance," in Section I, "Liability Coverages," provides: "[w]hen the policy applies to the operation of a motor vehicle outside of your state, we agree to increase your coverages to the extent required of out-of-state motorists by local law."
We cannot agree with GEICO's argument that this language applies only to amounts of coverage. Clearly the "increase your coverages to the extent required of out-of-state motorist by local law" language of the policy refers in this case to the coverages required by N.J.S.A. 17:28-1.4. N.J.S.A. 17:28-1.4 requires the GEICO policy to provide liability coverage pursuant to N.J.S.A. 39:6B-1. We hold therefore, that the language of the GEICO policy increases the scope of persons covered by the insurance required by N.J.S.A. 17:28-1.4.
Furthermore, the term "coverage" as used throughout the policy is consistent with our interpretation. The policy itself provides for different types of "coverage," without any reference to the amounts thereof ("liability coverages," "automobile medical payments coverage," "physical damage coverages," and "uninsured motorist coverage"). Moreover, the policy says: "general conditions" apply to all coverages in this policy. In both New Jersey and New York, an insurance policy is construed according to its plain and ordinary meaning, and any ambiguity is to be construed in favor of the insured. The Salem Group v. Oliver, 128 N.J. 1, 4, 607 A.2d 138 (1992); Voorhees v. Preferred Mutual Ins. Co., 128 N.J. 165, 175, 607 A.2d 1255 (1992); Mero v. Foster, 206 A.D.2d 947, 614 N.Y.S.2d 845, 846 (1994); General Accident Ins. Co. v. *431 United States Fidelity & Guar. Ins. Co., 193 A.D.2d 135, 602 N.Y.S.2d 948, 950 (1993). If GEICO had intended to limit its extension of out-of-state coverage to amounts, it could have easily specified such a limitation in its policy. As it did not do so, we are not required here to decide whether such a limitation would be effective in light of the provisions of N.J.S.A. 17:28-1.4. We are satisfied that plaintiff's liability claim arising out of her accident in New Jersey is covered by the GEICO policy.
We reverse the order granting summary judgment to defendant, and remand the matter to the trial court for further proceedings consistent with this opinion.