Yvette Canastraro et al., Respondents, v State Farm Mutual Automobile Insurance Company, Appellant. [684 NYS2d 103] —Judgment unanimously affirmed with costs. Memorandum: Supreme Court properly granted plaintiffs' cross motion for summary judgment and declared that the additional personal injury protection (PIP) coverage provided by the policy issued by defendant is applicable to the claim of plaintiff Yvette Canastraro for additional PIP benefits. The definition of extended economic loss set forth in the PIP endorsement is vague because it fails to indicate whether the descriptions contained in paragraphs (a) and (b) should be read conjunctively or disjunctively. Those descriptions therefore must be given a construction most favorable to the insured (*see, Randolph v Nationwide Mut. Fire Ins. Co.*, 242 AD2d 889; *Mero v Foster*, 206 AD2d 947, 948) and thus should be read in the disjunctive. Paragraph (b) describes extended economic loss as "the difference between (i) basic economic loss; and (ii) basic economic loss recomputed in accordance with the time and dollar limits set out in the schedule." The schedule, however, also is vague because it does not refer to basic economic loss; it contains only what appears on its face to be a computation of extended economic loss, not a recomputation of basic economic loss. Under the circumstances, the additional PIP coverage endorsement, read in the light most favorable to the insured, provides extended economic loss benefits to the maximum of $50,000. (Appeal from Judgment of Supreme Court, Erie County, Notaro, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Hayes, Balio and Boehm, JJ.