■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v 215 WEST 91ST STREET CORP. et al., Appellants, et al., Defendants. [724 NYS2d 758] —In an action for a judgment declaring, *inter alia,* that the defendant Atlantic Mutual Insurance Company is obligated to defend and/or indemnify the defendant 215 West 91st Street Corp. in two actions entitled *Conley v 215 W. 91st St. Corp.* and *Cittadine v 215 W. 91st St. Corp.,* both pending in the Supreme Court, Nassau County, the defendants 215 West 91st Street Corp. and Atlantic Mutual Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 13, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiff's cross motion which was for summary judgment on its cause of action to recover from Atlantic Mutual Insurance Company the costs of defending 215 West 91st Street Corp. in the underlying actions from the date which Atlantic Mutual Insurance Company formally refused to assume those defenses.

Ordered that the order is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against 215 West 91st Street Corp. and Atlantic Mutual Insurance Company is granted, that branch of the cross motion which was for summary judgment on the cause of action to recover from Atlantic Mutual Insurance Company the costs of defending 215 West 91st Street Corp. in the underlying actions from the date which Atlantic Mutual Insurance Company formally

refused to assume those defenses is denied, the complaint is dismissed insofar as asserted against 215 West 91st Street Corp. and Atlantic Mutual Insurance Company, the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Atlantic Mutual Insurance Company is not obligated to reimburse the plaintiff for its costs in defending and/or indemnifying 215 West 91st Street Corp. in the underlying actions; and it is further,

Ordered that Atlantic Mutual Insurance Company is awarded one bill of costs.

215 West 91st Street Corp. (hereinafter 215 West) was the owner of premises located at 215 West 91st Street in Manhattan. 215 West had a general liability insurance policy with the Atlantic Mutual Insurance Company (hereinafter Atlantic Mutual). A lessee at the location, 91st Street Company, subsequently entered into a sublease with Chemical Bank for a portion of its premises and failed to list 215 West as an additional insured in a liability insurance policy it procured from the plaintiff Utica Mutual Insurance Company (hereinafter Utica Mutual), as required in 91st Street Company's lease with 215 West.

Two workers were injured during a renovation project on Chemical Bank's premises and subsequently commenced personal injury actions in 1989 and 1992, respectively. Utica Mutual assumed the defense of both actions without asserting any policy defenses or reserving the right to deny coverage. Upon review of the policy, Utica Mutual notified Atlantic Mutual in 1993, that it had erroneously assumed the defense of the underlying actions and that Atlantic Mutual was responsible for the defense in those actions. Utica Mutual commenced this action for a judgment declaring, *inter alia*, that Atlantic Mutual is obligated to defend and/or indemnify 215 West in the underlying actions. 215 West and Atlantic Mutual moved, *inter alia*, for summary judgment dismissing the complaint insofar as asserted against them asserting that the doctrine of equitable estoppel prevented Utica Mutual from discontinuing its defenses and/or indemnification of 215 West in the underlying actions. Utica Mutual cross moved, *inter alia*, for summary judgment on its cause of action to recover from Atlantic Mutual the costs of defending 215 West in the underlying actions from the date which Atlantic Mutual formally refused to assume those defenses.

If an insurer assumes the defense of an action and controls its defense on behalf of an insured with knowledge of facts

constituting a defense to the coverage of the policy without reserving its right to deny coverage, the insurer is estopped from denying coverage at a later time, even if mistaken on the requirement of coverage (*see, Schiff Assocs. v Flack,* 51 NY2d 692; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.,* 258 AD2d 491; *Hartford Ins. Group v Mello,* 81 AD2d 577).

The Supreme Court erred in denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the appellants. The appellants established a prima facie case that Utica Mutual was estopped from denying coverage as a matter of law (*see, Brooklyn Hosp. Ctr. v Centennial Ins. Co., supra*). In opposition, Utica Mutual failed to raise a triable issue of fact. Therefore, the appellants are entitled to summary judgment (*see, Indemnity Ins. Co. v Charter Oak Ins. Co.,* 235 AD2d 521).

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court for the entry of a declaration that Atlantic Mutual is not obligated to reimburse the plaintiff for its costs in defending and/or indemnifying 215 West in the underlying actions (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., S. Miller, Smith and Crane, JJ., concur.