■ HANOVER INSURANCE COMPANY, Respondent, v INTER-RECO, INC., et al., Appellants, et al., Defendants. [789 NYS2d 720]—

In an action, inter alia, for a judgment declaring that the defendants Inter-Reco, Inc., and Insurance Corporation of New York are obligated to pay defense and contribution costs to the plaintiff in settling an action entitled *Sportello v 413 West 14th Street Associates*, pending in the Supreme Court, New York County, under Index No. 104415/96, the defendants Inter-Reco, Inc., and Insurance Corporation of New York appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Nassau County (Peck, J.), dated July 23, 2003, as denied their cross motion for summary judgment, and (2) an order of the same court dated December 17, 2003, as, upon renewal, in effect, adhered to that portion of the order dated July 23, 2003, which denied their cross motion for summary judgment and granted the plaintiff's motion for summary judgment declaring that they are obligated to pay defense and contribution costs to the plaintiff in settling the action.

Ordered that the appeal from the order dated July 23, 2003, is dismissed, as that order was superseded by the order dated December 17, 2003, made upon renewal; and it is further,

Ordered that the order dated December 17, 2003, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

Contrary to the appellants' contention, the doctrine of equitable estoppel does not apply to situations where, as here, the plaintiff never denied coverage and merely sought certain defense and contribution costs in connection with the settlement of the underlying action (*see generally Schiff Assoc. v Flack,* 51 NY2d 692, 699 [1980]). Even if the doctrine applied to the case at bar, the appellants failed to satisfy any of its elements (*see Ferber v Farm Family Cas. Ins. Co.,* 272 AD2d 747, 749 [2000]).

The appellants' remaining contentions are not properly before this Court. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.