■ MERCHANTS MUTUAL INSURANCE GROUP, Appellant, v TRAVELERS INSURANCE COMPANY, Respondent, et al., Defendants. [806 NYS2d 813]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered January 6, 2005. The judgment, inter alia, denied plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the amended complaint and granting judgment in favor of defendant Automobile Insurance Company of Hartford, incorrectly sued herein as Travelers Insurance Company, as follows: "It is ADJUDGED and DECLARED that, with respect to the period before January 18, 2002, said defendant is not obligated to contribute toward the defense on behalf of defendant Springcreek Associates in the underlying action" and by denying the cross motion insofar as it seeks a declaratory judgment with respect to the period beginning January 18, 2002 and as modified the judgment is affirmed without costs.

Memorandum: In July 1994 Martin Torres was injured during the course of his employment as an employee of defendant Rodney Finnefrock, doing business as Finnefrock Excavating & Paving (Finnefrock), and while working on property owned or controlled by defendant Springcreek Associates and Home Properties of New York, Inc. (Springcreek). Finnefrock was insured by plaintiff, Merchants Mutual Insurance Group (Merchants), and Springcreek was insured by defendant Automobile Insurance Company of Hartford (AIC), incorrectly sued herein as Travelers Insurance Company. In June 1997 Torres commenced a Labor Law and common-law negligence action against, inter alia, Springcreek (hereinafter, *Torres* action), and in November

1997 AIC tendered the defense of the action to Merchants. In January 1998 Merchants assumed the defense and indemnification of Springcreek. Four years later, in January 2002, Merchants attempted to retender the defense and indemnification to AIC, alleging that it had initially assumed the defense and indemnification based on mistakes of material fact and law. AIC refused to assume the defense, and Merchants commenced this declaratory judgment action seeking a declaration that it has no duty to defend or indemnify Springcreek in the *Torres* action and that it is entitled to reimbursement and restitution from AIC for all attorneys' fees expended in the defense of the *Torres* action in addition to any indemnity payment made therein.

Merchants thereafter moved for summary judgment declaring that AIC must provide primary insurance coverage in the *Torres* action, including the defense of the action and indemnification therein. AIC opposed the motion and cross-moved for summary judgment dismissing the amended complaint and declaring that AIC is not obligated to contribute any amount on behalf of Springcreek and that Merchants must pay the settlement in the *Torres* action in its entirety as well as all defense costs incurred in that action. Supreme Court denied the motion and, although the court purported to grant the cross motion, it issued no declaration. We conclude that the court properly denied Merchants' motion but erred in dismissing the amended complaint and in failing to declare the rights of AIC and Merchants with respect to the period before January 18, 2002.

The voluntary payment doctrine "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (*Dillon v U-A Columbia Cablevision of Westchester*, 100 NY2d 525, 526 [2003]; *see Solomon v Bell Atl. Corp.*, 9 AD3d 49, 55 [2004]). We have applied that doctrine in insurance cases such as this, holding that " '[o]ne cannot ask for subrogation with success, unless either he or his property was in some way lawfully answerable for the claim paid' " (*National Union Fire Ins. Co. v Ranger Ins. Co.*, 190 AD2d 395, 397 [1993], quoting *Koehler v Hughes*, 148 NY 507, 511 [1896]; *see also Gerseta Corp. v Equitable Trust Co. of N.Y.*, 241 NY 418, 425-426 [1926]). Therefore, when an insurer who is not acting under a mistake of material fact or law assumes the defense and indemnification of an insured when there is no obligation to do so, that insurer becomes "a volunteer with no right to recover the monies it paid on behalf of [the] insured" (*National Union Fire Ins. Co.*, 190 AD2d at 397).

Contrary to the contention of Merchants, it failed to establish

that it assumed the defense under mistakes of material fact or law and thus failed to establish its entitlement to judgment as a matter of law. The documents submitted by Merchants in support of its motion do not constitute admissible evidence establishing that the assumption of the defense was based on the alleged mistakes of material fact or law. In any event, AIC established as a matter of law that Merchants assumed the defense when it was not obligated to do so and thus was a voluntary insurer for the period before January 18, 2002.

AIC also established as a matter of law that, under the circumstances of this case, the reliance by Merchants on purported mistakes of material fact and law does not alter that volunteer status. First, none of the employees of Merchants handling the matter in 2002 knew the reasons for the assumption of the defense by Merchants in 1998 and thus could only speculate concerning the reasons therefor. Second, although Merchants alleged that it had initially believed that its insured was contractually obligated to indemnify Springcreek, AIC conclusively refuted that allegation by establishing as a matter of law that the policy between Merchants and its insured in fact precluded coverage for liability assumed by contract. Finally, Merchants alleged that it assumed the defense based on confusion concerning whether a recent change in the law applied retroactively, but AIC established that, although the Court of Appeals ruled on that issue several months after Merchants assumed the defense, Merchants did not attempt to retender the defense to AIC for another 3½ years. Thus, we agree with AIC that the mistakes of material fact and law alleged by Merchants are post hoc and unsupported, and we conclude that Merchants acted as a volunteer in assuming the defense of Springcreek and continuing with that defense with respect to the period before January 18, 2002.

We further conclude, however, that AIC failed to establish that Merchants acted as a volunteer for the period beginning January 18, 2002, when Merchants attempted to retender the defense to AIC. Once an insurance company that has voluntarily assumed the defense in an action attempts to retender the defense to the appropriate party, the insurance company is no longer a volunteer (*see Wausau Ins. Cos. v Feldman*, 213 AD2d 179, 180 [1995]; *see also United States Fire Ins. Co. v CNA*, 300 AD2d 1054, 1056 [2002]; *General Acc. Ins. Co. v United States Fid. & Guar. Ins. Co.*, 193 AD2d 135, 137 [1993]; *cf. National Union Fire Ins. Co.*, 190 AD2d at 396-397), unless that insurance company is estopped from denying or disclaiming coverage (*see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980];

*Sedgwick Ave. Assoc. v Insurance Co. of State of Pa.*, 203 AD2d 93 [1994]; *see also Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d 421, 422-423 [2001]; *General Acc. Ins. Co.*, 193 AD2d at 138).

Although Merchants is correct that estoppel will not apply to create coverage "[w]here there is no coverage . . . because the policy was not in existence at the time of the accident" (*Tantillo v U.S. Fid. & Guar. Co.*, 155 AD2d 970, 971 [1989]; *cf. Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491 [1999], *lv denied* 93 NY2d 814 [1999]), estoppel may apply if an insurance company seeks to deny or disclaim coverage based on a defense or an exclusion (*see Albert J. Schiff Assoc.*, 51 NY2d at 699; *Utica Mut. Ins. Co.*, 283 AD2d 421 [2001]; *Sedgwick Ave. Assoc.*, 203 AD2d at 94; *General Acc. Ins. Co.*, 193 AD2d at 138). Pursuant to the terms of the insurance policy between Merchants and Finnefrock, which was in existence at the time of the accident, if Finnefrock was required to defend and indemnify Springcreek based on common-law indemnification, then Merchants was required to cover that loss. Because the policy was in existence and Merchants is relying on a defense or an exclusion under the policy, estoppel may apply to preclude Merchants from denying or disclaiming coverage.

The doctrine of estoppel precludes an insurance company from denying or disclaiming coverage where the proper defending party relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on "the loss of the right to control [its] own defense" (*General Acc. Ins. Co.*, 193 AD2d at 138). We conclude that AIC failed to establish that it lost all meaningful opportunity to control its defense inasmuch as Merchants retendered the defense of the action to AIC at a time when AIC might have been able to control the defense in a meaningful way (*see id.*). We therefore conclude that AIC failed to establish entitlement to judgment as a matter of law with respect to the period beginning January 18, 2002, when Merchants attempted to retender the defense to AIC, and we modify the judgment accordingly.

We note that the same issues of fact that preclude the entitlement of AIC to summary judgment on that part of the cross motion with respect to the period beginning January 18, 2002 also preclude the entitlement of Merchants to summary judgment with respect to its alternative request for contribution for that same time period. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.