■ FIREMAN'S FUND INSURANCE COMPANY, Appellant, v ZURICH AMERICAN INSURANCE COMPANY, Respondent. [830 NYS2d 274]—

In an action for a judgment declaring that the defendant is obligated to pay for the defense and indemnification of the Zimberg Trust in an underlying action entitled *Gjoka v Namdor, Inc.*, pending in the Supreme Court, Queens County, under index No. 25307-01, and that the defendant is obligated to reimburse the plaintiff for any amounts or costs incurred by or on behalf of the Zimberg Trust in that action, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Murphy, J.), entered September 29, 2005, which granted the defendant's motion for summary judgment, denied its cross motion for summary judgment declaring that

the defendant is obligated to pay for the defense and indemnification of the Zimberg Trust in the underlying action, and that the defendant is obligated to reimburse the plaintiff for any amounts or costs incurred by or on behalf of the Zimberg Trust in that action, and declared that the plaintiff is estopped from denying that it has a duty to defend and indemnify the Zimberg Trust in the underlying action and that the defendant has no duty to contribute pro rata with the plaintiff in the defense and indemnification of the Zimberg Trust.

Ordered that the order and judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for summary judgment. The defendant established a prima facie case that the plaintiff was estopped from denying insurance coverage (*see Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d 421 [2001]; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491 [1999]). Having accepted tender of the defense, without reserving its right to disclaim coverage, estoppel barred the plaintiff's subsequent request for contribution (*see Donato v City of New York*, 156 AD2d 505 [1989]; *cf. Hanover Ins. Co. v Inter-Reco, Inc.*, 15 AD3d 443 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.