■ GREGORY V. SERIO, Superintendent of Insurance of State of New York, as Ancillary Receiver of Credit General Insurance Company, Respondent, v UNITED STATES FIRE INSURANCE COMPANY et al., Appellants, et al., Defendants. [837 NYS2d 294]—

In an action for a judgment declaring that the plaintiff, Gregory V. Serio, Superintendent of Insurance of State of New York, as ancillary receiver of Credit General Insurance Company, is not obligated to defend and indemnify the defendant J.T. Magen & Co., Inc., in an underlying personal injury action entitled *Feyjoo v D & G Land Company, LLC*, pending in the Supreme Court, Queens County, under index No. 4517/99, and that the defendants United States Fire Insurance Company and North River Insurance Company are obligated to defend and indemnify the defendant J.T. Magen & Co., Inc., in the underlying action, the defendants United States Fire Insurance Company, North River Insurance Company, and J.T. Magen & Co., Inc., appeal from (1) so much of an order and interlocutory judgment (one paper) of the Supreme Court, Queens County (Polizzi, J.), entered January 6, 2006, as denied their motion for summary judgment and, upon searching the record, awarded summary judgment in favor of the plaintiff and declared that the plaintiff has no duty to indemnify the defendant J.T. Magen & Co., Inc., in the underlying action, and that the general commercial insurance policy issued to J.T. Magen & Co., Inc., by the defendant United States Fire Insurance Company provides primary and not excess insurance, (2) an order of the same court entered August 2, 2006, which denied their motion for leave to renew, and (3) a judgment of the same court entered August 8, 2006, which is in favor of the plaintiff and against the defendant United States Fire Insurance Company in the principal sum of $342,179.77.

Ordered that the appeals by the defendants North River Insurance Company and J.T. Magen & Co., Inc., from the judgment entered August 8, 2006 are dismissed, as they are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order and interlocutory judgment entered January 6, 2006 is reversed insofar as appealed from, on the law, the motion of the defendants United States Fire Insurance Company, North River Insurance Company, and J.T. Magen & Co., Inc., for summary judgment is granted, it is declared that

the defendants United States Fire Insurance Company and North River Insurance Company are not obligated to indemnify the defendant J.T. Magen & Co., Inc., in the underlying action and that the general commercial insurance policy issued to J.T. Magen & Co., Inc., by United States Fire Insurance Company is excess to the general commercial insurance policy issued by Credit General Insurance Company, and the judgment entered August 8, 2006 is vacated; and it is further,

Ordered that the appeals from the order entered August 2, 2006 and the judgment entered August 8, 2006 are dismissed as academic in light of our determination on the appeal from the order and interlocutory judgment entered January 6, 2006; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff in this case is the Superintendent of Insurance of the State of New York (hereinafter the Superintendent), as ancillary receiver of Credit General Insurance Company (hereinafter Credit General). The Supreme Court erred in holding that the Superintendent was not estopped from disclaiming coverage of the defendant J.T. Magen & Co., Inc. (hereinafter Magen), in the underlying action. "While the State Insurance Fund is an agency of the State, its function is akin to that of a private insurance carrier and, especially in matters of litigation, it is considered to be an entity separate from the State itself . . . It follows that in a proper case, laches and estoppel may be imputed to the fund" (*Matter of Carney v Newburgh Park Motors*, 84 AD2d 599, 600 [1981]).

Here, the appellants established that Credit General assumed the defense of Magen in the underlying action without reserving the right to deny coverage. The appellants also established that Magen was prejudiced by the Superintendent's disclaimer of such coverage which was issued after liability had been established in the underlying action and shortly before the damages trial. As such, the Superintendent is estopped from denying coverage (*see Albert J. Schiff Assoc. v Flack*, 51 NY2d 692 [1980]; *Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d 421, 425 [2001]; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491, 492 [1999]) and has a duty to indemnify Magen with respect to the underlying personal injury action.

The Supreme Court also erred in finding that the policy issued to Magen by the defendant United States Fire Insurance Company provided primary coverage. The appellants established that Magen was an additional insured under the policy issued by Credit General. Moreover, provisions of the subcontract between Magen and Credit General's insured established that

Credit General's coverage was primary (*see Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391 [2003]).

The Superintendent's remaining contentions have been rendered academic in light of our determination or are without merit. Miller, J.P., Mastro, Ritter and Balkin, JJ., concur.