■ DAIMLER CHRYSLER INSURANCE COMPANY, Appellant, v ZURICH INSURANCE COMPANY et al., Respondents. [899 NYS2d 310]—

In an action, inter alia, for a judgment declaring that the plaintiff has no duty to defend or indemnify the defendants Charles DeStefano and RI Suresky & Sons, Inc., in an underlying personal injury action entitled *Elston v DeStefano*, pending in the Supreme Court, Orange County, under index No. 5283/06, the plaintiff appeals from a judgment of the Supreme Court, Orange County (Owen, J.), entered October 30, 2008, which,

upon an order of the same court dated August 28, 2008, denying its motion for summary judgment and granting the cross motion of the defendants Zurich Insurance Company, Charles DeStefano, and RI Suresky & Sons, Inc., for summary judgment, declared, inter alia, that it is obligated to defend and indemnify the defendants Charles DeStefano and RI Suresky & Sons, Inc., in the underlying action.

Ordered that the judgment is affirmed, with costs.

The defendant Rebecca Elston allegedly was injured when her car was struck by a van owned by the defendant RI Suresky & Sons, Inc., and driven by the defendant Charles DeStefano (hereinafter together the Suresky defendants). At the time, RI Suresky & Sons, Inc., an auto dealership, was an insured under both a "Business Auto Insurance Policy" issued by the plaintiff, Daimler Chrysler Insurance Company (hereinafter DCIC), and a multiple insurance coverage policy written by "Universal Underwriters Insurance Company." Under the DCIC policy, "covered autos" included "[o]nly the autos you own that are enrolled in the DaimlerChrysler Services North America LLC-DRAC Program."

Elston subsequently commenced an action against the Suresky defendants alleging that she was injured by a van that was owned by the dealership and operated by an employee within the scope of his employment (hereianfter the underlying action). On August 22, 2006, DCIC answered the complaint in the underlying action on behalf of the Suresky defendants. After assuming the defense, DCIC contacted the defendant Zurich Insurance Company (hereinafter Zurich), the carrier of the policy written by "Universal Underwriters Insurance Company," and requested that Zurich assume primary coverage. Zurich refused, and DCIC did not issue a formal disclaimer or a reservation of rights.

On October 25, 2007, DCIC commenced this action seeking, inter alia, a declaration that it had no duty to defend or indemnify the Suresky defendants in the underlying action and that the Zurich policy provided primary coverage. DCIC moved for summary judgment, and Zurich and the Suresky defendants (hereinafter collectively the respondents) cross-moved for summary judgment asserting, inter alia, that DCIC was barred from denying coverage by Insurance Law § 3420 (d) for failure to issue a timely disclaimer and by the common-law doctrine of estoppel. The Supreme Court denied DCIC's motion, granted the respondents' cross motion, and declared that DCIC was obligated to defend and indemnify the Suresky defendants in the underlying action. Although the court stated that "at best there

are issues of fact" as to whether the vehicle was covered under the DCIC policy, it determined that Zurich had made a prima facie showing that DCIC was estopped from denying coverage and that DCIC failed to raise a triable issue of fact on estoppel. DCIC appeals and we affirm. Contrary to the Supreme Court's conclusion, however, the respondents met their prima facie burden of demonstrating that the vehicle was covered by the DCIC policy, and DCIC failed to raise a triable issue of fact. In any event, we agree with the Supreme Court that DCIC is estopped from denying coverage.

The respondents submitted documentary evidence demonstrating that the vehicle was enrolled in the DRAC program and, thus, covered by DCIC's policy. In opposition, DCIC admitted that the vehicle was enrolled in the DRAC program, but contended that, as an additional prerequisite, the vehicle needed to be "rented" in order to be a "covered auto." Despite this contention, DCIC failed to point to any language in the policy specifically demonstrating this alleged prerequisite. Consequently, it failed to raise a triable issue of fact as to whether its policy covered the vehicle.

In any event, the Supreme Court properly granted the respondents' cross motion for summary judgment because they established, prima facie, that DCIC was estopped from denying coverage (*see Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d 421, 422-423 [2001]; *Indemnity Ins. Co. of N. Am. v Charter Oak Ins. Co.*, 235 AD2d 521, 522 [1997]), and DCIC failed to raise a triable issue of fact in opposition. From the inception of the underlying action, DCIC controlled the defense and had knowledge of the facts constituting the basis of its denial of coverage (*see Utica Mut. Ins. Co. v 215 W. 91st St. Corp.*, 283 AD2d at 422-423; *cf. Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32 [2006]). Since DCIC failed to reserve its right to disclaim coverage, estoppel bars it from denying coverage or seeking contribution (*see Fireman's Fund Ins. Co. v Zurich Am. Ins. Co.*, 37 AD3d 521 [2007]; *Donato v City of New York*, 156 AD2d 505, 508 [1989]). Fisher, J.P., Florio, Belen and Hall, JJ., concur.