Mazl Bldg., LLC v Greenwich Ins. Co. (2018 NY Slip Op 03972)





Mazl Bldg., LLC v Greenwich Ins. Co.


2018 NY Slip Op 03972


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-02156
2016-03938
 (Index No. 11434/13)

[*1]Mazl Building, LLC, respondent, 
v
Greenwich Insurance Company, et al., appellants.


Gottlieb Siegel & Schwartz, LLP, New York, NY (Rebecca S. Bardach and Lauren M. Solari of counsel), for appellants.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Neil Torczyner of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (George R. Peck, J.), entered January 8, 2016, and (2) a judgment of the same court entered February 16, 2016. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the causes of action seeking a declaratory judgment and on so much of the third cause of action as sought compensatory damages for breach of contract, and denied those branches of the defendants' motion which were for summary judgment with respect to the causes of action seeking a declaratory judgment and dismissing so much of the third cause of action as sought compensatory damages for breach of contract. The judgment, upon the order, declared that the plaintiff is entitled to coverage as an additional insured for nonparty Joseph Samaroo's claim against it in an underlying personal injury action under an insurance policy issued by the defendants to nonparty Rovatele Elevator, Inc., and directed the defendants to reimburse the plaintiff the principal sum of $250,000 paid by the plaintiff to settle nonparty Joseph Samaroo's claim against it in the underlying action.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In January 2006, the plaintiff retained nonparty Rovatele Elevator, Inc. (hereinafter Rovatele), to perform an elevator renovation project in a building the plaintiff owned. Rovatele obtained an insurance policy from the defendants that named the plaintiff as an additional insured pursuant to an indemnification agreement between the plaintiff and Rovatele. In March 2006, the plaintiff assigned its rights under the indemnification agreement to another entity.
In October 2006, nonparty Joseph Samaroo allegedly sustained injuries while working on the elevator renovation project. Thereafter, he commenced a personal injury action (hereinafter [*2]the underlying action) against the plaintiff, among others. In February 2008, the defendants agreed to defend and indemnify the plaintiff in connection with the underlying action. The defendants learned of the plaintiff's assignment of its rights under the insurance policy and, hence, learned of a defense to coverage as it pertained to the plaintiff, no later than 2009. However, the defendants continued to defend the plaintiff in the underlying action for almost four more years, without reserving their rights to disclaim coverage. In 2013, after jury selection in the underlying action, the defendants disclaimed coverage on the basis that, contrary to what they believed when they originally accepted the plaintiff's tender for a defense and indemnification, the plaintiff was not an additional insured under the insurance policy at the time of the accident. Ultimately, the plaintiff paid $250,000 to settle the claim against it in the underlying action.
The plaintiff commenced this action, inter alia, seeking declaratory relief and to recoup $250,000 it paid to settle the claim against it in the underlying action. The plaintiff moved for summary judgment declaring that the defendants are required to indemnify the plaintiff for the claim against it in the underlying action and are estopped from denying coverage for the claim, and for summary judgment on the cause of action to recover damages for breach of contact. The plaintiff argued that the defendants were equitably estopped from denying coverage since they had knowledge of the facts that supported the disclaimer but failed to disclaim coverage until almost four years after attaining that knowledge. The defendants moved, inter alia, for summary judgment with respect to the declaratory judgment causes of action and dismissing the breach of contract cause of action, arguing that the plaintiff's assignment of the indemnification agreement justified the disclaimer of coverage and they were not otherwise equitably estopped from denying coverage. In an order entered January 8, 2016, the Supreme Court, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the declaratory judgment causes of action and so much of the breach of contract cause of action as sought compensatory damages, and denied those branches of the defendants' motion which were for summary judgment with respect to the declaratory judgment causes of action and dismissing so much of the breach of contract cause of action as sought compensatory damages. A judgment was entered upon the order declaring that the plaintiff is entitled to coverage as an additional insured for the claim against it in the underlying action under the insurance policy, and directing the defendants to reimburse the plaintiff the principal sum of $250,000 paid by the plaintiff to settle the underlying action. The defendants appeal from the order and the judgment.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
Contrary to the defendants' contention, the Supreme Court properly, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the declaratory judgment causes of action and so much of the breach of contract cause of action as sought compensatory damages, and denied those branches of the defendants' motion which were for summary judgment with respect to the declaratory judgment causes of action and dismissing so much of the breach of contract cause of action as sought compensatory damages. The plaintiff established, prima facie, that the defendants were estopped from denying coverage (see Daimler Chrysler Ins. Co. v Zurich Ins. Co., 72 AD3d 730, 732; Brooklyn Hosp. Ctr. v Centennial Ins. Co., 258 AD2d 491, 491-492), and the defendants failed to raise a triable issue of fact in opposition. Although the defendants learned by 2009 at the latest of the plaintiff's pre-accident assignment of its rights under the indemnification agreement, pursuant to which the plaintiff had previously been an additional insured under the insurance policy, the defendants continued to control the plaintiff's defense in the underlying action and had knowledge of the facts constituting the basis of their denial of coverage for almost four years before issuing their coverage disclaimer (see Daimler Chrysler Ins. Co. v Zurich Ins. Co., 72 AD3d at 732; Brooklyn Hosp. Ctr. v Centennial Ins. Co., 258 AD2d at 491-492). Since the defendants did not reserve their rights to disclaim coverage, estoppel bars them from denying coverage under the circumstances of this case (see Daimler Chrysler Ins. Co. v Zurich Ins. Co., 72 AD3d at 732; Brooklyn Hosp. Ctr. v Centennial Ins. Co., 258 AD2d at 491-492; Indemnity Ins. Co. of N. Am. v Charter Oak Ins. Co., 235 AD2d 521; Touchette Corp. v Merchants Mut. Ins. [*3]Co., 76 AD2d 7, 12).
The defendants' remaining contentions are not properly before us.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court