Usoiani v Dumbo Moving & Stor., Inc. (2025 NY Slip Op 04812)

Usoiani v Dumbo Moving & Stor., Inc.

2025 NY Slip Op 04812

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-01488
 (Index No. 507010/17)

[*1]Paata Usoiani, et al., respondents, 
v
Dumbo Moving & Storage, Inc., defendant-appellant, et al., defendants; Country-Wide Insurance Company, nonparty-appellant.

Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for defendant-appellant.
Jaffe & Velazquez, LLP, New York, NY (Carl J. Gedeon and Jacob Weisfeld of counsel), for nonparty-appellant.
Cherny & Podolsky, PLLC, Brooklyn, NY (Steven V. Podolsky and Mari Milorava-Kelman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Dumbo Moving & Storage, Inc., appeals, and nonparty Country-Wide Insurance Company separately appeals, from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated January 4, 2024. The order, insofar as appealed from by the defendant Dumbo Moving & Storage, Inc., denied that defendant's motion pursuant to CPLR 5015(a)(3) to vacate so much of two judgments of the same court (Dawn Jimenez-Salta, J.), both dated January 13, 2022, as, upon a jury verdict on the issue of damages, were in favor of the plaintiffs Paata Usoiani and Vitalii Kasoev, respectively, and against it, and to dismiss the complaint insofar as asserted against it. The order, insofar as appealed from by nonparty Country-Wide Insurance Company, denied that nonparty's motion pursuant to CPLR 5015(a)(3) to vacate two judgments, both dated January 13, 2022, which, upon a jury verdict on the issue of damages, were in favor of the plaintiffs Paata Usoiani and Vitalii Kasoev, respectively, and against the defendants Dumbo Moving & Storage, Inc., and Shalva Kunelauri and to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The facts of this case are more fully set forth in this Court's decisions and orders on related appeals (see Usoiani v Dumbo Moving & Storage, Inc., _____ AD3d _____ [Appellate Division Docket Nos. 2020-03849, 2020-04431; decided herewith]; Usoiani v Dumbo Moving & Storage, Inc., _____ AD3d _____ [Appellate Division Docket Nos. 2022-00727, 2022-03595; decided herewith]). In this action to recover damages for personal injuries, the plaintiffs, Paata Usoiani and Vitalii Kasoev, allege that a truck owned by the defendant Dumbo Moving & Storage, Inc. (hereinafter Dumbo), and operated by the defendant Shalva Kunelauri, backed into a vehicle the plaintiffs occupied, which was operated by the defendant Roland Matoyan. After the Supreme Court granted the plaintiffs' cross-motion for summary judgment on the issue of liability against Dumbo and Kunelauri, Dumbo's insurance carrier, nonparty Country-Wide Insurance Company (hereinafter Country-Wide), commenced an action for a judgment declaring that it was not obligated to defend [*2]and indemnify Dumbo and Kunelauri for the claims arising out of the subject accident and/or this action, on the ground that the accident was intentionally caused (hereinafter the declaratory judgment action). Country-Wide secured a default judgment against the plaintiffs and Kunelauri in the declaratory judgment action. Dumbo did not default in the declaratory judgment action, and no judgment was entered against it.
Meanwhile, in this action, after a trial on the issue of damages, separate judgments, both dated January 13, 2022, were issued in favor of Usoiani and Kasoev, respectively, and against Dumbo and Kunelauri. Subsequently, Dumbo moved pursuant to CPLR 5015(a)(3) to vacate so much of the judgments as were in favor of Usoiani and Kasoev, respectively, and against it on the ground of fraud by Kunelauri and Matoyan and to dismiss the complaint insofar as asserted against it. Country-Wide separately moved pursuant to CPLR 5015(a)(3) to vacate the judgments, also on the ground of fraud by Kunelauri and Matoyan, and to dismiss the complaint. The Supreme Court denied those motions, and Dumbo and Country-Wide separately appeal.
At the time Country-Wide commenced the declaratory judgment action, the Supreme Court had already determined in this action that the accident was the result of the negligence of Dumbo and Kunelauri and not intentional conduct on the part of any person or entity. Dumbo did not plead fraud as a defense in this action, nor did it assert in its answer that it was not vicariously liable for the conduct of its employee, Kunelauri.
Here, in the declaratory judgment action, Country-Wide and Dumbo were barred by the doctrine of collateral estoppel from raising the issue of whether the accident was a result of intentional acts, as that issue had previously been decided in this action (see Ryan v New York Tel. Co., 62 NY2d 494, 500; L.T. Motors Auto Sales, Inc. v Kaplon-Belo Assoc., Inc., 230 AD3d 1309; Villaver v Paglinawan, 230 AD3d 533, 535). Dumbo and Country-Wide had a full and fair opportunity to litigate the issue of whether the accident was the result of intentional conduct in this action (see Matter of Dunn, 24 NY3d 699, 704; Ryan v New York Tel. Co., 62 NY2d at 502; Villaver v Paglinawan, 230 AD3d at 535). Although Dumbo and Country-Wide had control over their defense in this action, they failed to raise that issue and, therefore, are estopped from raising it now. Further, Country-Wide is estopped from denying coverage of the accident (see Daimler Chrysler Ins. Co. v Zurich Ins. Co., 72 AD3d 730, 732; Utica Mut. Ins. Co. v 215 W. 91st St. Corp., 283 AD2d 421, 422-423).
Accordingly, Dumbo's motion pursuant to CPLR 5015(a)(3) to vacate so much of two judgments, both dated January 13, 2022, as were in favor of Usoiani and Kasoev, respectively, and against it and to dismiss the complaint insofar as asserted against it and Country-Wide's motion pursuant to CPLR 5015(a)(3) to vacate those judgments and to dismiss the complaint were properly denied.
BARROS, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court