■ LUMBERMENS MUTUAL INSURANCE COMPANY OF THE KEMPER GROUP OF INSURANCE COMPANIES, Respondent, v LUMBER MUTUAL INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Harold Baer, Jr., J.), entered November 16, 1987, which denied defendant-appellant's motion for summary judgment dismissing the complaint and granted plaintiff-respondent's cross motion for summary judgment, unanimously modified, on the law, to deny the cross motion for summary judgment and otherwise affirmed, without costs. The appeal from the order of said court entered February 29, 1988, which denied appellant's motion for reargument, is dismissed as nonappealable, without costs.

Plaintiff-respondent, the workers' compensation carrier, commenced this action* against defendant-appellant, the general liability carrier, for payment of appellant's share of the

---

* Although identified in the record on appeal as a "declaratory action" the summons states that the action is for "recovery of a judgment for money only" and the complaint contains no prayer for declaratory relief of any kind.

costs and expenses incurred in settlement of a personal injury action against their insured, A & T Tool Co., Inc. (A & T). The underlying personal injury action was brought by A & T's employee against the manufacturer of the equipment which had crushed his hand. The manufacturer then instituted a third-party action against A & T for indemnification and apportionment of damages as between the parties "in proportion with their share of culpability".

Appellant maintains that it did not receive timely notice of either the personal injury claim or the third-party action. The accident occurred in January 1978 and in August of that year the personal injury action was commenced. The third-party complaint was filed in April 1979. Trial of the actions began in January 1983, but before a verdict was returned, a $200,000 settlement was agreed upon, with the manufacturer to pay $50,000 and A & T $150,000. Appellant was first notified of these proceedings two days before the stipulation of settlement was entered on the record. In July 1983 appellant rejected respondent's claim for reimbursement of the settlement costs and expenses on the ground that notice had been untimely and that A & T had voluntarily entered into the stipulation of settlement without reserving any rights as against appellant.

Supreme Court denied appellant's motion for summary judgment, finding that respondent had given notice as soon as was practicable following the Court of Appeals decision in *Insurance Co. v Dayton Tool & Die Works* (57 NY2d 489 [1982]) on December 8, 1982. In that case, the Court of Appeals held that the standard exclusion of the type at issue in the general liability policy herein, excluding coverage for "any obligation of the insured to indemnify another because of damages arising out of bodily injury" to the insured's employee in the course of his employment, does not relieve the general liability carrier when the employer is sued for contribution by a third party pursuant to *Dole v Dow Chem. Co.* (30 NY2d 143 [1972]).

Although appellant did not press the "reservation of rights" argument in Supreme Court, on appeal appellant relies on a Florida case wherein the failure of one insurer to obtain an agreement preserving a cause of action against an additional insurance carrier for either "indemnity, contribution and/or equitable subrogation" constituted a waiver of any claim thereto *(Lumbermens Mut. Cas. Co. v Foremost Ins. Co.,* 425 So 2d 1158 [Fla 3d Dist Ct App 1983]). The Florida case, however, is inapposite. That case rests on the proposition that where a

liability insurer "assumes the defense of an insured and enters into a settlement agreement with knowledge of facts taking the accident or injury outside the coverage of the policy and without disclaiming liability or reserving its right to deny liability or coverage, such insurer is thereafter precluded from denying liability." *(Lehman-Eastern Auto Rentals v Brooks,* 370 So 2d 14, 16 [Fla 3d Dist Ct App 1979], cited in *Lumbermens Mut. Cas. Co. v Foremost Ins. Co., supra,* at 1160.)

Here, however, respondent alleges that "in addition" to the coverage it provided, appellant, as the general liability insurer, "was the primary insurer or at least a co-insurer" and was therefore required "to contribute, up to its policy limits", "the costs of A & T's defense" or "to share equally" as coinsurer in A & T's portion of the settlement payment. Thus, respondent does not deny its own liability but seeks indemnification from appellant based upon appellant's contractual obligation to their insured. "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity". (Restatement of Restitution § 76.) Nor does the record herein support the conclusion that respondent, by failing to include in the settlement a reservation of rights against appellant, intentionally relinquished its right to indemnification. *(See, Denton Leasing Corp. v Breezy Point Surf Club,* 133 AD2d 95, 97 [2d Dept 1987].)

Although Supreme Court correctly denied appellant's motion for summary judgment, we do not agree that respondent was entitled to summary judgment as a matter of law and, therefore, the cross motion should have been denied. The question of whether the delay in giving notice to appellant was reasonable, considering all of the circumstances, raises triable issues of fact *(Hartford Acc. & Indem. Co. v CNA Ins. Cos.,* 99 AD2d 310, 313 [1st Dept 1984]; *Scala v Scala,* 19 AD2d 559, 560 [2d Dept 1963]) making summary judgment improper. Inasmuch as appellant did not participate in the defense of the third-party action or in the settlement, and as there was no jury verdict establishing the amount of damage for which A & T was legally liable, appellant is also entitled to contest the reasonableness of the amount paid pursuant to the settlement agreement. *(See, Atlantic Cement Co. v Fidelity & Cas. Co.,* 63 NY2d 798, 801-802 [1984], *affg* 91 AD2d 412 [1st Dept 1983]; *Feuer v Menkes Feuer, Inc.,* 8 AD2d 294, 298-299 [1st Dept 1959].)

We have considered the other issues raised in this appeal

and find them to be without merit. Concur—Sullivan, J. P., Asch, Milonas, Rosenberger and Smith, JJ.