■ PURITAN INSURANCE COMPANY, Respondent, v CONTINENTAL CASUALTY COMPANY, Appellant. [599 NYS2d 602] —Order,

Supreme Court, New York County (Peter Tom, J.), entered November 9, 1992, which, *inter alia,* denied the motion by defendant Continental Casualty Company for summary judgment pursuant to CPLR 3212 dismissing the complaint, unanimously affirmed, with costs.

In this declaratory judgment action between insurers of a mutual insured, Pyrolac Corporation, the IAS Court properly determined that summary judgment in defendant Continental's favor was precluded by triable issues of fact as to whether the parties had entered into an oral cost-sharing agreement wherein Continental agreed to reimburse plaintiff Puritan for Continental's proportional share of the costs incurred by Puritan in the defense and indemnification of their mutual insured for environmental claims, where, as here, the only evidence proffered by Continental in support of its summary judgment motion is an affirmation by its attorney, made without personal knowledge of the facts, which has no probative value on a summary judgment motion *(Zuckerman v City of New York,* 49 NY2d 557, 563), rather than Don Peterson, with whom it is alleged the agreement was made, and where Puritan, by the submission of copies of three checks issued by defendant Continental to Puritan for reimbursement for costs incurred by Puritan in the defense and indemnification of Pyrolac and a letter from Continental's representative acknowledging Continental's coverage obligations to the parties' mutual insured, has raised a triable issue as to whether the parties manifested a mutual intent to be bound by an oral cost-sharing agreement *(Bauman Assocs. v H & M Intl. Transp.,* 171 AD2d 479).

Even were there no oral cost-sharing agreement between the parties, however, plaintiff Puritan may nevertheless seek reimbursement from defendant Continental, as a co-insurer of the same risk, for their proportionate share of the amount paid *(Zurich-Am. Ins. Cos. v Atlantic Mut. Ins. Cos.,* 139 AD2d 379, *affd* 74 NY2d 621; *Lumbermens Mut. Ins. Co. v Lumber Mut. Ins. Co.,* 148 AD2d 328).

We have reviewed the defendant's remaining claims and find them to be without merit. Concur—Carro, J. P., Ellerin, Rubin and Nardelli, JJ.