■ Towne Bus Corporation et al., Appellants, v Insurance Company of the State of Pennsylvania, Respondent. [744 NYS2d 394] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered September 24, 2001, declaring that defendant insurer is not required to defend or indemnify plaintiff Towne Bus Corporation in an underlying action based on an assault committed by its employee, unanimously modified, on the law, to include plaintiff WE Transport, Inc. in the declaration, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 24, 2001, which, upon plaintiffs' motion for summary judgment and a search of the record, granted summary judgment in favor of defendant, unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The facts alleged in the underlying action, brought by the victim of alleged sexual assault by a bus driver employed by plaintiffs, are clearly outside the coverage of both the general liability and auto policies issued by defendant to plaintiffs (*see, Muhlstock & Co. v American Home Assur. Co.*, 117 AD2d 117, 122-123). The general liability policy contains unambiguous exclusions for claims arising out of "abuse or molestation" com-

mitted by plaintiffs' employees, and plaintiffs' negligent employment, investigation and supervision of abusers and molesters. Although the underlying complaint also contains an allegation of wrongful imprisonment, if no cause of action would exist but for the assault and molestation, the claim is based on assault and molestation and the exclusion applies (*see, U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821; *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 353). Nor can the personal injuries alleged in the underlying action be considered as resulting from either an "accident" or the "ownership, maintenance or use" of a covered auto, both conditions of coverage under the auto policy (*see, Michaels v City of Buffalo*, 85 NY2d 754, 758; *Calvert Ins. Co. v CIGNA Ins. Co.*, 239 AD2d 243; *Olin v Moore*, 178 AD2d 517, 518).

We have considered and rejected plaintiffs' other arguments. Since WE Transport, Inc. is a named insured on the subject policies, a named plaintiff in the action, and joined in Towne Bus Corporation's motion for summary judgment, we modify to include WE Transport in the declaration. Concur—Williams, P.J., Saxe, Sullivan and Friedman, JJ.