■ GREGORY V. SERIO, Superintendent of Insurance, as Liquidator of NEW YORK MERCHANT BAKERS INSURANCE COMPANY, Respondent, v PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant-Respondent, and ATLANTIC EXPRESS, INC., et al., Respondents-Appellants. [776 NYS2d 245]—

Amended order, Supreme Court, New York County (Louise Gruner Gans, J.), entered September 9, 2003, which denied summary judgment to defendant Public Service Mutual Insurance Company (PSM) on its requested declaration of no coverage responsibility for the underlying action, granted plaintiff's cross motion for summary judgment declaring that PSM is obligated to defend or indemnify defendants Atlantic Express and Amboy Bus Company (the insureds) in the underlying action based upon an assault occurring on a school bus, ordered that judgment be entered in favor of the insureds and against PSM in the sum of $10,000 and referred the issue of the reasonable value of the insureds' attorneys' fees and costs in the underlying action to a special referee to hear and report with recommendations and denied the insureds' cross motion for summary judgment on their first counterclaim for a declaration that

plaintiff is obligated to defend and indemnify them in the underlying action and, upon such declaration, granting them attorneys' fees and costs in the underlying action and for defending this action, unanimously modified, on the law, to the extent of vacating the award of judgment in favor of the insureds and against PSM in the sum of $10,000, awarding plaintiff judgment in his favor against PSM in the sum of $10,000, and dismissing the insureds' first counterclaim against plaintiff in its entirety and their first cross claim against PSM to the extent that it seeks an award of their costs and expenses in this action; as so modified, the order is affirmed, without costs. The Clerk is directed to enter judgment accordingly.

PSM's claim that it was not required to provide coverage for the underlying action against the insureds is unavailing since the allegations therein did not involve the "ownership, maintenance or use" of the school bus sufficient to invoke the exclusion in its commercial general liability insurance policy (*see Towne Bus Corp. v Insurance Co. of State of Pa.*, 295 AD2d 272, 273 [2002]; *New Hampshire Ins. Co. v Jefferson Ins. Co. of N.Y.*, 213 AD2d 325 [1995]). Conversely, since the record reflects that the automobile liability insurance policy issued by New York Merchant Bakers Insurance Company (NYMB) only covered injuries arising from the ownership, maintenance or use of an auto, the court properly determined that the facts alleged in the underlying action plainly did not bring the case within the coverage of NYMB's policy.

Nevertheless, although the court ordered that PSM pay the insureds the $10,000 reimbursement for settling the underlying action, it is undisputed that it was plaintiff, representing NYMB during its liquidation, who took responsibility for paying the settlement. Accordingly, we vacate that portion of the court's order which directed PSM to pay the insureds $10,000, and modify accordingly.

PSM's assertion that it was entitled to a hearing as to the reasonableness of the underlying settlement is unavailing, since it never challenged on that ground in the proceedings before the Supreme Court despite raising numerous other objections (*see Tishman Constr. Corp. of N.Y. v American Mfrs. Mut. Ins. Co.*, 303 AD2d 323, 324 [2003]). Nor would there appear to be any basis on which to hold such a hearing in any event, since PSM had ample opportunity to participate in the underlying litigation but opted not to (*cf. Lumbermens Mut. Ins. Co. of Kemper Group of Ins. Cos. v Lumber Mut. Ins. Co.*, 148 AD2d 328 [1989]).

Further, in light of the fact that, contrary to PSM's assertion,

the insureds have consistently maintained they paid for defending the underlying action until plaintiff offered to assume their defense, the court properly determined that PSM was obligated to reimburse them for any legal costs they expended until plaintiff took over, and properly referred the matter for a hearing to determine the extent of those costs.

We agree with the insureds' claim that plaintiff should have been equitably estopped from pursuing relief from them since, in light of his three-year delay in disclaiming coverage after taking on the case without reservation of his rights, they lost the right to control their own defense (*see Schiff Assoc. v Flack*, 51 NY2d 692, 699 [1980]). Nevertheless, the estoppel argument is academic in light of our determination that PSM was obligated to defend the insureds in the underlying action.

We do not agree, however, with the insureds' assertion that plaintiff is obligated to reimburse them for their attorneys' fees and costs incurred in the instant declaratory action since this action did not involve an attempt by plaintiff to obtain a declaration of his right to disclaim coverage as to the insureds. Rather, plaintiff had already defended the insureds in the underlying action, and thereafter settled the matter by paying the plaintiff therein. Here, plaintiff was seeking indemnification from PSM, not the insureds. Accordingly, and despite their being named as defendants, the insureds have not been at risk of defending and paying for the underlying action (*cf. Johnson v General Mut. Ins. Co.*, 24 NY2d 42 [1969]; *see also Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21-22 [1979]). In fact, it is uncontroverted that they are attempting to use the instant litigation to establish a precedent for coverage for similar types of incidents.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.