█ LIBERTY INSURANCE UNDERWRITERS, INC., Appellant, v ARCH INSURANCE COMPANY et al., Respondents. [877 NYS2d 44]—

Order and judgment (one paper), Supreme Court, New York County (Walter B. Tolub, J.), entered December 30, 2008, which, in a declaratory judgment action between insurers involving their respective obligations to defend and indemnify in an underlying action for personal injuries, upon the parties' respective motions for summary judgment, declared that plaintiff is obligated to defend and indemnify in the underlying action and is also obligated to reimburse defendants for the costs they incurred in defending the underlying action, unanimously modified, on the law, to declare that plaintiff is obligated to reimburse defendants for the costs defendants incurred in defending the underlying action after tendering the defense of the underlying action to plaintiff, and otherwise affirmed, without costs.

"The doctrine of estoppel precludes an insurance company from denying or disclaiming coverage where the proper defending party relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on the loss of the right to control its own defense" (*Merchants Mut. Ins. Group v Travelers Ins. Co.*, 24 AD3d 1179, 1182 [2005] [internal quotation marks and brackets omitted]). We reject plaintiff's argument that this doctrine should be limited to coverage disputes between insurers and insureds, and not applied to coverage allocation disputes between insurers (*see e.g. Fireman's Fund Ins. Co. v Zurich Am. Ins. Co.*, 37 AD3d 521 [2d Dept 2007]; *Donato v City of New York*, 156 AD2d 505, 507-508 [2d Dept 1989]). *Lumbermens Mut. Ins. Co. of Kemper Group of Ins. Cos. v Lumber Mut. Ins.*

*Co.* (148 AD2d 328 [1st Dept 1989]), cited by plaintiff, is not to the contrary. *Lumbermens* merely held that failure by an insurer to reserve its rights under the circumstances of that case did not constitute an intentional relinquishment, or waiver, of the right to seek contribution from another insurer (*id.* at 330). It did not address the issue of whether an insurer may be estopped, by its unqualified assumption of the defense of an action, from seeking contribution from another insurer. No issues of fact exist as to whether defendants, in tendering the defense to plaintiff, lacked knowledge that plaintiff would ultimately claim to be only an excess insurer, or whether defendants lost control of the underlying defense and were otherwise prejudiced by plaintiff's assumption thereof for two years without reserving a right to disclaim coverage (*see Federated Dept. Stores, Inc. v Twin City Fire Ins. Co.*, 28 AD3d 32, 39 [2006]). Defendants, however, are not entitled to reimbursement of defense costs incurred before tendering the defense to plaintiff (*see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 94 [2005]), and we modify the declaration accordingly. We have considered plaintiffs' other arguments and find them unavailing. Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ.