■ XL INSURANCE AMERICA, INC., Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant. [881 NYS2d 419]—

Order and judgment (one paper), Supreme Court, New York County (Doris Ling-Cohan, J.), entered January 13, 2009, which denied defendant's motions to dismiss and for summary judgment and granted plaintiff's cross motion for summary judgment to the extent of declaring that defendant has a duty to defend and indemnify in the underlying personal injury action, unanimously reversed, on the law, with costs, defendant's motion for summary judgment granted and plaintiff's cross motion denied, and it is declared that defendant has no duty to defend or indemnify.

Although not addressed by the motion court, we find that the "completed operations" exclusion in defendant's automobile general liability policy, approved in a filing with insurance regulators in New Jersey and not violative of any express public policy in New York, was effective (*see American Home Assur. Co. v Employers Mut. of Wausau*, 77 AD2d 421, 428-429 [1980], *affd* 54 NY2d 874 [1981]). While a co-insurer may be estopped from denying coverage in a coverage allocation dispute between insurers (*see Liberty Ins. Underwriters, Inc. v Arch Ins. Co.*, 61 AD3d 482, 482-483 [2009]), plaintiff has not shown that it was prejudiced during the 3½ years that defendant defended the underlying action; the showing that plaintiff received notice of the underlying claim at its inception was unrebutted.

In view of the foregoing, it is unnecessary to address the parties' remaining contentions. Concur—Tom, J.P., Friedman, Catterson, Moskowitz and Richter, JJ.