■ PHILADELPHIA INDEMNITY INSURANCE COMPANY, Respondent, v HARLEYSVILLE INSURANCE COMPANY, Appellant. [967 NYS2d 91]—

In an action for a judgment declaring that the defendant is obligated to reimburse the plaintiff for half of its costs in defending and indemnifying CDT Real Estate Management Corporation in an underlying action entitled *May v Hartsdale Manor Owners Corp.*, commenced in the Supreme Court, Westchester County, under index No. 7619/09, the defendant appeals from a judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered December 23, 2011, which, upon an order of the same court entered December 1, 2011, granting the plaintiff's motion for summary judgment declaring that the defendant is so obligated and denying the defendant's cross motion for summary judgment declaring that it is not so obligated, declared that the defendant is obligated to reimburse the plaintiff for half of its costs in defending and indemnifying CDT Real Estate Management Corporation in the underlying action.

Ordered that the judgment is affirmed, with costs.

The plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the defendant is obligated to reimburse it for half of its costs in defending and indemnifying the parties' mutual insured, CDT Real Estate Management Corporation (hereinafter CDT), in an underlying action entitled *May v Hartsdale Manor Owners Corp.*, pursuant to identical "other insurance" provisions contained in the parties' general liability insurance policies, which are identical and insure against the same risk, thereby requiring each insurer to contribute "in proportion to its limit amount of insurance" (*Lumbermens Mut. Cas. Co. v Allstate Ins. Co.*, 51 NY2d 651, 655 [1980]; *see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 374 [1985]). In opposition, the defendant failed to raise a triable issue of fact as to whether the policies underlying the antisubrogation rule are implicated (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Hartford Ins. Co. of Midwest*, 248 AD2d 78, 85 [1998]; *cf. Homeland Ins. Co. of N.Y. v National Grange Mut. Ins. Co.*, 84 AD3d 737, 739 [2011]). In addition, the defendant failed to raise a triable issue of fact as to whether the plaintiff should be equitably estopped from seeking costs from it in defending and indemnifying CDT (*see XL Ins. Am., Inc. v Lumbermens Mut. Cas. Co.*, 63 AD3d 571 [2009]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the defendant is obligated to reimburse it for half of its costs in defending and indemnifying CDT in the underlying action, and properly denied the defendant's cross motion for summary judgment declaring that it is not so obligated. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.