SPARTA Insurance Company v. Technology Insurance Company, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21ˢᵗ day of September, two thousand eighteen.

PRESENT:  JON O. NEWMAN,
          DENNIS JACOBS,
          ROSEMARY S. POOLER,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - -X
SPARTA INSURANCE COMPANY,
          <u>Plaintiff-Appellant</u>,

          -v.-                                    17-3441

TECHNOLOGY INSURANCE COMPANY, INC.,
          <u>Defendant-Appellee.</u>
- - - - - - - - - - - - - - - - - -X

1

FOR APPELLANT:                                           John D. McKenna, L'Abbate, Balkan, Colavita & Contini, L.L.P., Garden City, NY.

FOR APPELLEE:                                          Judy C. Selmeci, Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

While repaving a parking lot, a worker was injured falling into a drywell. Two insurers, Plaintiff SPARTA Insurance Company ("SPARTA") and Defendant Technology Insurance Company, Inc. ("Technology"), now dispute their respective responsibility for liability and defense in the ensuing tort suit. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

South Nassau Communities Hospital (the "property owner") hired Stasi Brothers Asphalt Corp. (the "general contractor") for the repaving job, and the general contractor hired Roadwork Ahead, Inc. (the "subcontractor"). The agreement between the general contractor and the subcontractor provides that the subcontractor will indemnify the general contractor and property owner "from any and all claims and liability for . . . personal injury . . . arising out of . . . the execution of the work." Joint App'x at 59. SPARTA issued an insurance policy to the subcontractor, and Technology issued an insurance policy to the general contractor that provided additional coverage to the property owner.

The injured worker--an employee of the subcontractor-- sued the property owner and general contractor for damages, alleging their negligence caused his injuries. The property owner and the general contractor requested, pursuant to

2

the indemnification clause in the agreement between the general contractor and subcontractor, that SPARTA undertake their defense and indemnify them. SPARTA agreed to do so.

In later correspondence, however, SPARTA adopted the position that its undertaking was made subject to a reservation of rights limiting its coverage to the terms and conditions of the policy it issued to the subcontractor. The undertaking did not spell what terms and conditions might bear on its obligation. SPARTA ultimately argued that it was not required to indemnify the property owner because the property owner allegedly caused the worker's injury through its negligence, and that Technology should pay half the defense costs and indemnification of the general contractor because the policy issued by Technology constituted other insurance under SPARTA's other insurance clause. The general contractor and property owner objected on the ground, inter alia, that SPARTA had undertaken the defense and indemnification without any reservation of rights.

In this diversity suit, SPARTA seeks declarations that Technology provides coverage for the defense and indemnification of the general contractor and property owner, and that Technology owes reimbursement to SPARTA for all past and accruing costs to defend the general contractor and property owner. Both parties moved for summary judgment, and the district court granted Technology's motion in part, ruling that "Technology has no obligation to reimburse SPARTA for past and accruing costs to defend [the general contractor] and [the property owner] in" the underlying tort suit. Joint App'x at 527. On appeal, SPARTA argues that the district court erred in determining that SPARTA is estopped from seeking reimbursement of defense costs from Technology, and in entering summary judgment for Technology on that ground.

We review a grant of summary judgment de novo, "view[ing] the evidence in the light most favorable to the party opposing summary judgment, . . . draw[ing] all reasonable inferences in favor of that party, and . . . eschew[ing] credibility assessments." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of

material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

Potentially complicated coverage issues are obviated by the district court's sound ruling that SPARTA waived the rights it invokes in this litigation. An insurer "who undertakes the defense of an insured, may be estopped from asserting a defense to coverage, no matter how valid, if the insurer unreasonably delays in disclaiming coverage and the insured suffers prejudice as a result of that delay." Bluestein & Sander v. Chicago Ins. Co., 276 F.3d 119, 122 (2d Cir. 2002). Prejudice "may be presumed 'where an insurer, though in fact not obligated to provide coverage, without asserting policy defenses or reserving the privilege to do so, undertakes the defense of the case, in reliance on which the insured suffers the detriment of losing the right to control its own defense.'" Id. (quoting Albert J. Schiff Assocs. Inc. v. Flack, 51 N.Y.2d 692, 699 (1980)). "In such cases, 'though coverage as such does not exist, the insurer will not be heard to say so.'" Id. These principles apply to coverage allocation disputes between insurers as well as to coverage disputes between insurers and insureds. Liberty Ins. Underwriters, Inc. v. Arch Ins. Co., 61 A.D.3d 482, 482 (1st Dep't 2009).

SPARTA undertook the defense and indemnification of the general contractor and property owner without asserting policy defenses or reserving the privilege to do so. Specifically, SPARTA's May 29, 2013 email to the attorney for the general contractor and to Technology's representative agrees to "pick up the defense and indemnification . . . pursuant to the contract and policy." Joint App'x at 71. SPARTA's July 9, 2013 letter to the property owner advised that it would "defend and indemnify" the general contractor and property owner as additional insureds under the commercial general liability policy that SPARTA issued to the subcontractor. Joint App'x at 73. These communications did not suggest that SPARTA planned to assert policy defenses to its coverage of the defense and indemnification, or that it was reserving the right to do so later.

Notably, a May 29, 2013 email to SPARTA's representative, from defense counsel in the underlying tort suit, referred to SPARTA's agreement to undertake the defense and indemnification "without reservation," and gave notice that counsel planned to "close our file for Technology and open one for Sparta." Joint

4

App'x at 514.   SPARTA did not object to its counsel's understanding of SPARTA's undertaking or take any other action to suggest that it had reserved (or would reserve) the right to assert defenses to coverage.

SPARTA's assertion of defenses to coverage for the defense and indemnification came after an unreasonable delay.   "The reasonableness of any delay is 'judged from the time that the insurer is aware of sufficient facts to issue a disclaimer.'"   Bluestein, 276 F.3d at 122 (quoting Mount Vernon Fire Ins. Co. v. Unjar, 177 A.D.2d 480, 481 (2d Dep't 1991)).   As the district court observed, SPARTA's arguments regarding its coverage obligations are based on the terms of SPARTA's own policy issued to the subcontractor and the contract between the general contractor and subcontractor, facts known to SPARTA at the time it agreed to undertake the defense and indemnification.   Yet SPARTA failed to assert that it had reserved its rights--let alone reach its ultimate conclusion regarding the extent of its coverage--until April 28, 2014, more than nine months later.   As this Court ruled in Bluestein, a nine-month delay is "plainly unreasonable" under New York law.   276 F.3d at 122.

Finally, allowing SPARTA to assert defenses to complete coverage would prejudice the general contractor and Technology.   In reliance on SPARTA's undertaking of the defense and indemnification, the general contractor chose to forgo filing a third-party complaint against the subcontractor for indemnification in the underlying tort suit.   Because that suit has been readied for trial during SPARTA's control of the defense, the general contractor and Technology have lost the opportunity to pursue third-party claims against the subcontractor.   The general contractor and Technology would therefore face actual prejudice from SPARTA's assertion of defenses to coverage after an unreasonable delay.   See Bluestein, 276 F.3d at 122-23.

SPARTA is therefore estopped from seeking reimbursement of past and accruing defense costs in the underlying tort suit.   See id.

5

We have considered SPARTA's remaining arguments and conclude they are without merit.   The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6