Cincinnati Ins. Co. v Acadia Ins. Co. (2021 NY Slip Op 07351)





Cincinnati Ins. Co. v Acadia Ins. Co.


2021 NY Slip Op 07351


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


684 CA 20-01029

[*1]THE CINCINNATI INSURANCE COMPANY, AS SUBROGEE OF 60 LBC, LLC, PLAINTIFF-APPELLANT,
v
ACADIA INSURANCE COMPANY, DEFENDANT-RESPONDENT. 






VAHEY GETZ, LLP, ROCHESTER (JARED K. COOK OF COUNSEL), FOR PLAINTIFF-APPELLANT.
O'CONNOR FIRST, ALBANY (KATHLEEN A. BARCLAY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered July 13, 2020. The order granted the motion of defendant to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, and the complaint is reinstated.
Memorandum: Plaintiff, as subrogee of 60 LBC, LLC (60 LBC), commenced this action seeking damages arising from defendant's allegedly improper disclaimer of insurance coverage to 60 LBC as an additional insured on a liability policy issued by defendant to nonparty Red Cedar Arborists & Landscapers, Inc. (Red Cedar). Defendant moved to dismiss the complaint based on res judicata, among other grounds. Supreme Court granted the motion, and we now reverse.
In 2015, Irene Frey sustained injuries after she slipped and fell on property owned by 60 LBC, which was insured by plaintiff. 60 LBC had retained Red Cedar to clear snow and ice from the area where Frey fell. Pursuant to their contract, Red Cedar was required to defend and indemnify 60 LBC for any injuries caused by its actions or omissions. The contract also required Red Cedar to obtain insurance coverage for itself with 60 LBC as an additional insured. Red Cedar procured coverage from defendant, and the policy contained a blanket additional insured provision that, as defendant now concedes, covers 60 LBC.
Frey thereafter sued 60 LBC for negligence, and 60 LBC requested a defense and indemnification from defendant on the basis that it was an additional insured on the Red Cedar policy. Defendant disclaimed coverage to 60 LBC on the ground that it was not an additional insured. 60 LBC was defended in the Frey action by its own carrier, i.e., plaintiff, and commenced a third-party action against Red Cedar, asserting breach of contract based on Red Cedar's failure to defend and indemnify 60 LBC. The third-party complaint further alleged that Red Cedar breached the contract by failing to obtain coverage for 60 LBC as an additional insured.
Eventually, Frey's action against 60 LBC and the third-party action were settled in a global agreement that was reached during mediation. Pursuant to the agreement, Frey received $350,000 from Red Cedar and $50,000 from 60 LBC. Defendant paid Frey on behalf of Red Cedar, and plaintiff paid her on behalf of 60 LBC.
Plaintiff, as subrogee of 60 LBC, thereafter commenced this action against defendant asserting, inter alia, a cause of action for breach of contract. The complaint alleges in relevant part that defendant breached the insurance contract by disclaiming coverage to 60 LBC as an [*2]additional insured. Defendant moved to dismiss the complaint, contending that 60 LBC's coverage claim against defendant was encompassed in the global settlement of Frey's action and the third-party action. We agree with plaintiff that the court erred in granting the motion.
"Subrogation, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (Kaf-Kaf, Inc. v Rodless Decorations, 90 NY2d 654, 660 [1997]; see Phoenix Ins. Co. v Stamell, 21 AD3d 118, 121 [4th Dept 2005]). Here, plaintiff, as subrogee of 60 LBC, stands in the shoes of 60 LBC and "is subject to whatever rules of estoppel would apply to the insured" (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 665 [1990]; see State Farm Mut. Auto. Ins. Co. v Polge, 258 AD2d 911, 911 [4th Dept 1999]).
"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; see Simmons v Trans Express, Inc., 37 NY3d 107, 111 [2021]). "One linchpin of res judicata is an identity of parties actually litigating successive actions against each other: the doctrine applies only when a claim between the parties has been previously brought to a final conclusion" (City of New York v Welsbach Elec. Corp., 9 NY3d 124, 127 [2007] [internal quotation marks omitted]). "Th[at] rule is grounded in public policy concerns, including fairness to the parties, and is 'intended to ensure finality, prevent vexatious litigation and promote judicial economy' " (Simmons, 37 NY3d at 111, quoting Xiao Yang Chen v Fischer, 6 NY3d 94, 100 [2005]).
The court determined that plaintiff is barred by res judicata from pursuing 60 LBC's coverage claim against defendant because it was resolved in the global settlement reached during mediation. We disagree. Defendant was not a party to the underlying personal injury action or the third-party action, and the release resulting from the settlement of those actions makes no mention of any claims directly against defendant by 60 LBC or anyone else. Nor does the stipulation of discontinuance. The breach of contract claim asserted by 60 LBC against Red Cedar in the third-party action is separate and distinct from plaintiff's breach of contract cause of action against defendant here.
Although the third-party complaint against Red Cedar mentions defendant's disclaimer of coverage to 60 LBC as an additional insured, that was only in relation to 60 LBC's claim that "Red Cedar failed to provide a benefit required" under the snowplow contract. The third-party complaint did not assert a cause of action directly against defendant or otherwise allege that defendant wrongly disclaimed coverage to 60 LBC as an additional insured.
In sum, 60 LBC's coverage claim against defendant is not barred by res judicata because it was not encompassed in the global settlement reached during mediation. Inasmuch as 60 LBC still has a valid coverage claim against defendant, plaintiff, having paid $50,000 on 60 LBC's behalf to settle the Frey action, may proceed against defendant on the coverage claim as subrogee of 60 LBC.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court