Lancer Indem. Co. v Peerless Ins. Co. (2022 NY Slip Op 05030)

Lancer Indem. Co. v Peerless Ins. Co.

2022 NY Slip Op 05030

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-05977
 (Index No. 604605/16)

[*1]Lancer Indemnity Company, appellant,
v
Peerless Insurance Company, respondent, et al., defendants.

Kennedys CMK, LLP, New York, NY (Max W. Gershweir of counsel), for appellant.
Jaffe & Asher, LLP, New York, NY (Marshall T. Potashner of counsel), for respondent.

DECISION & ORDER
In an action to recover defense and indemnification costs, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated March 29, 2019. The judgment, upon a decision of the same court dated February 6, 2019, is in favor of the defendant Peerless Insurance Company and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff, Lancer Indemnity Company (hereinafter Lancer), commenced this action against Peerless Insurance Company (hereinafter Peerless), among others, to recover reimbursement for all costs that Lancer spent defending and indemnifying its insured, the defendant TPJ Enterprises, LLC (hereinafter TPJ), as a result of a $500,000 settlement of an underlying negligence action commenced by the defendants Heidi Siciliano and Carl Siciliano (hereinafter together the Sicilianos) against TPJ and the defendant Ace Hardware of Bayshore, Inc. (hereinafter Ace), which was insured by Peerless.
In the underlying negligence action, Lancer provided counsel for TPJ and Peerless provided counsel for Ace. The underlying action was settled following an agreed-upon mediation during which the Sicilianos and the attorneys provided by Lancer and Peerless agreed to the $500,000 settlement amount, and further agreed that Ace and TPJ were each responsible for paying one-half of that total amount. In addition to the attorneys representing TPJ and Ace, individuals representing Lancer and Peerless were also present at the mediation and participated in the settlement of the negligence action.
Lancer moved in the instant action for summary judgment on the complaint, arguing that Peerless was required to reimburse it for the amounts it incurred in defending and indemnifying TPJ in the underlying negligence action. Peerless cross-moved for summary judgment dismissing the complaint.
Lancer and Peerless subsequently asked the Supreme Court to treat the motion and cross motion as an immediate "trial on the papers submitted," and the parties requested that the court "make findings on all disputed facts." In a decision dated February 6, 2019, the court made certain factual findings and concluded that Peerless was entitled to a judgment dismissing Lancer's complaint. The court subsequently issued a judgment, upon the decision, in favor of Peerless and against Lancer dismissing the complaint. Lancer appeals. We affirm.
"The doctrine of estoppel precludes an insurance company from denying or disclaiming coverage where the proper defending party relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on the loss of the right to control its own defense" (Merchants Mut. Ins. Group v Travelers Ins. Co., 24 AD3d 1179, 1182 [alterations and internal quotation marks omitted]; see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 699; Liberty Ins. Underwriters, Inc. v Arch Ins. Co., 61 AD3d 482, 482-483). This doctrine is not limited to coverage disputes between insurers and insureds, and may be applied in appropriate cases to coverage allocation disputes between insurers (see Liberty Ins. Underwriters, Inc. v Arch Ins. Co., 61 AD3d at 482-483).
Here, the record supports the Supreme Court's determination that Lancer did not reserve its right to commence an action to recover its defense and indemnity costs against Peerless in the settlement of the underlying negligence action (cf. Denton Leasing Corp. v Breezy Point Surf Club, 133 AD2d 95, 97). Under the circumstances and on this record, Lancer is estopped from recovery in this action, and we affirm the judgment (see Liberty Ins. Underwriters, Inc. v Arch Ins. Co., 61 AD3d at 482-483; Serio v Public Serv. Mut. Ins. Co., 7 AD3d 277, 279; Utica Mut. Ins. Co. v 215 W. 91st St. Corp., 283 AD2d 421, 422-423; Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae, 243 AD2d 168, 180; see also Jefferson Ins. Co. v Travelers Ins. Co., 159 Vt 46, 51-52, 614 A2d 385 [Vt]; Hanover Ins. Co. v Travelers Ins. Co., 355 F2d 552, 552 [2d Cir]; Lumbermens Mut. Cas. Co. v Foremost Ins. Co., 425 So 2d 1158, 1159-1160 [Fla Dist Ct App]; Design Professionals Ins. Companies, Inc. v St. Paul Fire & Marine Ins. Co., 123 NM 398, 940 P2d 1193 [NM Ct App]; cf. Cincinnati Ins. Co. v Acadia Ins. Co., 200 AD3d 1566; Lumbermens Mut. Ins. Co. of Kemper Group of Ins. Co. v Lumber Mut. Ins. Co., 148 AD2d 328, 330).
In light of the foregoing, we need not reach the parties' remaining contentions.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court