Enchante Accessories, Inc. v Navigators Ins. Co. (2024 NY Slip Op 04516)

Enchante Accessories, Inc. v Navigators Ins. Co.

2024 NY Slip Op 04516

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 653403/22 Appeal No. 2592-2593 Case No. 2023-05457, 2023-05697 

[*1]Enchante Accessories, Inc., Appellant,
v
Navigators Insurance Company, Respondent.

Jones Law Firm, P.C., New York (Tanner Bryce Jones of counsel), and Gauntlett & Associates, Newport Coast, CA (David A. Gauntlett of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Wiggin and Dana LLP, New York and Wiggin and Dana LLP, New Haven, CT (Jonathan M. Freiman of the bars of the State of Connecticut and State of Pennsylvania, admitted pro hac vice, of counsel), for respondent.

Order, Supreme Court, New York County (Lucy Billings, J.), entered on or about October 30, 2023, which denied plaintiff's motion for summary judgment, unanimously affirmed. Order, same court and Justice, also entered on or about October 30, 2023, which granted defendant's motion for summary judgment dismissing the complaint, and declared and adjudged that the voluntary payments provision of the subject insurance policy barred plaintiff's claim to recover pre-tender expenses, unanimously affirmed, with costs.
Defendant insurer issued a policy to plaintiff, its named insured, which included general liability coverage for personal and advertising injury liability. It also included a "voluntary payments provision," providing in relevant part that "[o]ther than first aid or emergency cleanup costs, no insured shall, except at its own cost, . . . voluntarily make a payment, assume any obligation, or incur any expense for damages [or] loss" without the insurer's prior consent. In 2021, plaintiff commenced a declaratory judgment action against a competitor, and the competitor interposed counterclaims. On March 30, 2022, plaintiff's coverage counsel submitted a letter to defendant, asserting that the policy entitled plaintiff to a defense in the underlying suit at defendant's expense. Defendant responded to the tender letter, agreeing to defend plaintiff subject to a reservation of rights and agreeing to pay reasonable and necessary costs for the defense only from March 30, 2022, the date that plaintiff provided notice. Plaintiff eventually filed this action, seeking reimbursement of the attorneys' fees and expenses that it had incurred defending the counterclaims, including those that it had incurred before March 30, 2022, and contending that the voluntary payments provision was no bar to coverage.
Based on the policy language, the motion court correctly denied plaintiff's request for pre-tender defense fees. The voluntary payments provision requires the insurer's consent where the insured voluntarily makes payments, assumes any obligation, or incurs any expense for damage. The plain language of this provision encompasses the pre-tender defense costs that plaintiff paid to its counsel in the underlying litigation, and therefore bars reimbursement for those costs because plaintiff did not tender the claim to defendant before incurring defense fees (see Liberty Ins. Underwriters, Inc. v Arch Ins. Co., 61 AD3d 482, 483 [1st Dept 2009]; Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co., 27 AD3d 84, 94 [1st Dept 2005]; Smart Style Indus., Inc. v Pennsylvania Gen. Ins. Co., 930 F Supp 159, 164-165 [SD NY 1996]).
Because defendant reimbursed plaintiff for its post-tender defense fees and expenses in accordance with the policy language, plaintiff was not entitled to prejudgment interest under CPLR 5001(a).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024